[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The plaintiff Nathaniel Baskin (Baskin), a passenger in a taxi cab owned by the defendant Transportation General d/b/a Metro Taxi (Metro), which was self-insured for both liability and uninsured motorist coverage, brought this action seeking compensation for injuries allegedly sustained when the cab was struck by a hit and run vehicle. This case was tried to the court on January 31, 2000. The court enters the following findings of fact and conclusions.
I. Findings of Fact
On January 14, 1994, Baskin was a passenger in a taxi cab owned by Metro and operated by one William Coleman (Coleman) when the cab was sideswiped by a hit and run vehicle on Shelton Street in New Haven (ex. K). Baskin did not see the impact but reported he felt a "jolt." Baskin was seated in the rear of the cab behind Coleman. Coleman reported that an unidentifiable vehicle crossed the center line, sideswiped the left side of the cab and then fled. The registration plate of the hit and run vehicle was not observed. The damage to the cab was slight, consisting a line of paint which ran across the front and rear doors of the cab with no indentation to the sheet metal (ex. 6) The paint smudge was removed with compounding and waxing.
Baskin testified he felt immediate pain upon impact, told Coleman he was hurt and requested an ambulance. Baskin reported neck and lower back pain to the responding personnel (ex. B). He was boarded and collared and transported to the emergency room at Yale New Haven Hospital. According to the emergency room record (ex. D), Baskin reported he was a passenger in a taxi and that the taxi was "`sideswiped' at low speed." He also reported that he "twisted neck and upper back." He complained of neck pain and CT Page 1642 mild back pain. Cervical x-rays were done and no injury was found. The diagnosis was a "mild cervical strain" for which Baskin was instructed to take advil and follow-up with his own doctor if needed.
Five days later, on January 19, 1994, Baskin went to see Dr. Richard Barese. He complained of pain in his neck and lower back. Dr. Barese had lumbar x-rays done which revealed no injury. His working impression was a cervical and lumbar sprain and he advised Baskin to refrain from work, rest, use a cervical collar and undergo a brief course of physical therapy. (Exhibits F, G, 14). Baskin had three sessions of physical therapy, on January 24, 26 and 28, 1994, and was re-evaluated by Dr. Barese on January 28, 1994 at which time he found Baskin to be doing better subjectively and objectively. Physical therapy was discontinued and Baskin was advised to return to work on February 7, 1994 (ex. F, 14). On February 14, 1994, Dr. Barese saw Baskin for the last time and found him "subjectively and objectively doing well. He had no further tenderness or limitation of motion in either his cervical or lumbar spine. . . ." (Ex. F). Dr. Barese discharged Baskin with a diagnosis of cervical and lumbar sprain with a good prognosis (id.).
About three weeks later, Baskin sough chiropractic treatment from Dr. Richard M. Carpenos. He claims to have sought this treatment on his own after viewing a television advertisement. At the time, Baskin had returned to his full time work as a welder. His principal complaint was lower back pain (ex I). He treated with Dr. Carpenos until June 25, 1994, at which time "he reported that he was asymptomatic with occasional stiffness." (Ex. J)
Dr. Richard Diana, an orthopaedic surgeon, conducted an independent medical examination of Baskin on July 15, 1997. Dr. Diana concluded that Baskin's "neck has had full recovery and [Baskin's] low back has had near full recovery with only occasional discomfort." Further, Dr. Diana concluded that "[w]ithout any range of motion deficits, without any x-ray findings of arthritic changes, the patient does not qualify for a permanent partial disability." (Ex. 13)
At the time of this accident, Baskin was 25 years old and was apparently in good health. He was employed full time at Welding Works and earned approximately $400 a week. He claims to have suffered no injuries from a motorcycle accident, approximately six months before this accident, in which he was thrown from his CT Page 1643 own motorcycle after he collided with a turning vehicle. He claims to still have occasional pain in his lower back which he treats with over the counter medications. He has never been given any prescription medication for his back pain.
II. Conclusions
The court finds that Metro is self-insured and is responsible to compensate Baskin for any injuries proximately caused by the negligence of the hit and run vehicle. The court finds that the hit and run vehicle crossed the center line of Shelton Avenue and struck the cab in which Baskin was a passenger.
However, this was a low impact hit and run accident causing minimal damage to the cab. The court finds that Baskin did not sustain serious or permanent injury. The court concludes that, at worst, Baskin sustained a mild cervical strain or sprain and a lumbar sprain which resolved by no later than February 14, 1994. The court finds that the treatment at the emergency room and with Dr. Barese was reasonable and necessary; however, there was no need for the chiropractic treatment provided by Dr. Carpenos. The court specifically finds that there is no permanency.
In light of the minimal injury, the court is somewhat surprised that Dr. Barese found that Baskin was unable to work from January 14, 1994 through February 6, 1994, but it does appear that the rest and physical therapy during that time period led to the positive objective and subjective findings of February 14, 1994 and the "good prognosis." Accordingly, the court will credit Baskin with three weeks of lost earnings, at $400 a week, as an item of damages.
The court finds there is no credible evidence[1] of any significant pain and suffering, other than the discomfort naturally associated with a mild cervical strain or sprain and a lumbar sprain. The court finds that Baskin was young and healthy at the time of the accident and did not suffer any compensable diminution in his ability to participate in any activities of life.
Accordingly, the court finds in favor of the plaintiff and awards damages as follows:
Economic Damages: $2,589.90[2]
CT Page 1644
Non-economic Damages: __100.00
Total Damages: $2,689.90
Judgment shall enter in favor of the plaintiff Nathaniel Baskin and against the defendant General Transportation d/b/a Metro Taxi in accordance with this decision.
Linda K. Lager, Judge